[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this amended petition seeking a writ of habeas corpus alleging that he was denied due process in that he was wrongfully found guilty of Security Risk Group (S.R.G.) affiliation resulting in a loss of earned good-time credits of 70 days. The petitioner is an inmate at Osborn Correctional Institution and on July 17, 1994, during a unit routine shake-down, Correctional Officer Galindez found contraband, two pages of by-laws of the Twenty-Love gang, on top of the light fixture CT Page 6474 in his single cell which he had occupied since mid-April, 1994, E2-5.
The petitioner testified that he had not at the time been given the handbook or code. He claims that the material was from the former occupant of the cell and not his, and that this information was overheard by C.O. Lombardo from the former occupant. C.O. Lombardo was not disclosed as a witness until the day of the hearing and therefore was not allowed to be inquired from. The petitioner was represented by Officer Postell whom he said he had only seen for 20 minutes before the hearing and who was unable to call any hearing. The Disciplinary Hearing Officer Raymond Rochefort testified that only two witnesses had been noticed and both had made reports so that it was unnecessary to call either C.O. Ramos or Lt. Santiago, thereby avoiding unpleasant confrontation which can effect later relationship of Correctional personnel with inmates. Because the Inmate Handbook placed the contents of his cell on the inmate, the inmate was only calling two witnesses whose reports identified the contraband as being in the petitioner's cell and the investigator, C.O. Quiros, found from his investigation that the petitioner's credibility could not overcome the evidence of possession of contraband in his cell, the hearing officer found the petitioner guilty and imposed the sanctions.
Due process does not require providing inmates attorneys or advocates for such disciplinary hearings nor is the standard of proof that of a criminal trial, proof beyond a reasonable doubt. This court is not required to set aside the decisions of prison administrators that have some basis in fact. Superintendent v.Hill, 472 U.S. 445, 456.
For the above reasons the petition is denied.
Thomas H. Corrigan Judge, Trial Referee